UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 06-156 (RCL) |
| TRAVIS SWEET, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter came before the Court on June 22, 2006 for a detention hearing held pursuant to 18 U.S.C. § 3142(f). The Government orally moved that defendant Travis Sweet be held without bond pending trial. The Government asserts that no conditions of release would assure the safety of other persons and the community. See id. § 3142(e). Upon consideration of the Government's motion and its factual proffer at the hearing, the Government's motion is granted for the reasons set forth below, and defendant Travis Sweet shall be detained pending trial.

I.    BACKGROUND

Defendant Travis Sweet is charged in a two-count indictment. Each count alleges that defendant distributed five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

II.    THE GOVERNMENT'S PROFFER

At the June 22, 2006 detention hearing, the Government proffered that a cooperating

witness ("CW") purchased from defendant five grams or more of cocaine base on two separate occasions. A federal grand jury found the following evidence to provide probable cause that defendant Sweet had committed the acts contained in the indictment.

On April 25, 2006, the CW contacted a person known to him who was later identified as defendant Sweet. During their conversation, they arranged for the CW to purchase one ounce of cocaine base, and agreed to meet in the 3300 block of Brother's Place Southeast. Before the meeting, the CW was searched and it was determined that he was carrying no contraband. The CW was given $900 in pre-recorded funds and was equipped with an audio and video recording device. Defendant Sweet advised the CW that he had only one half ounce of crack cocaine and the parties revised their agreement to reduce the price to $500 for one half ounce. Defendant Sweet directed the CW to wait in an alley. The CW waited there, but defendant Sweet did not appear. The CW called defendant Sweet and was directed to another alley. When the CW met defendant Sweet in the alley, defendant Sweet directed the CW to a blanket lying on the ground, indicating that something was under the blanket. When the CW lifted the blanket, he found a substance that was later determined to be slightly over eleven grams of crack cocaine. The entire transaction was captured on audio and video recording. After the transaction was completed, the Metropolitan Police Department ("MPD") found, upon a search of the CW, the approximately eleven grams of cocaine base and the remaining $400.

The second transaction occurred on May 18, 2006. The CW made contact with defendant Sweet and arranged to purchase a quarter ounce of cocaine base and three "8 balls" for $725. Once again, the CW was equipped with the audio and video recording device, and was also equipped with an additional device that allowed a nearby officer to listen to the conversation.

Upon arrival at designated location, the 3300 block of Brother's Place Southeast, the CW was searched. He was determined to be free of contraband and was given $730 in pre-recorded funds. While waiting for defendant Sweet to arrive, the CW telephoned the MPD and advised them that defendant Sweet had called him to say that he would be there in about ten minutes. Defendant Sweet arrived shortly thereafter and provided to the CW what was later determined to be 19.6 grams of cocaine base. During their interaction, defendant Sweet told the CW that the drugs were "butter," meaning high quality, and discussed the plastic packaging on the cocaine base. The entire transaction was recorded on audio and video.

At the June 22, 2006 detention hearing, defendant Sweet declined to make a proffer.

III.   DISCUSSION

The Bail Reform Act of 1984 allows a federal court to detain a defendant pending trial if the Government demonstrates at an adversary hearing that no release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . in a case that involves . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act [or] any felony if the person has been convicted of two or more offenses" involving violence, with a maximum sentence of life in prison or death, or involving certain narcotics violations. 18 U.S.C §§ 3142(f)(1)(C)-(D); see United States v. Salerno, 481 U.S. 739, 741 (1987).

In the instant case, a grand jury has already found probable cause to believe that the defendant distributed five grams or more of cocaine base on two separate occasions. The grand jury's indictment, which must be taken "fair upon its face," does furnish probable cause to

believe that the defendant committed the acts that constitute these offenses. See <u>United States v. Mosuro</u>, 648 F. Supp. 316, 318 (D.D.C. 1986) (quoting <u>Gerstein v. Pugh</u>, 420 U.S. 103, 117 n.19 (1975) and various courts of appeals). Because these acts each carry a mandatory minimum sentence of ten years[1] and a maximum of life in prison, 21 U.S.C. § 841(b)(1)(A), the Government may properly move for a pre-trial detention hearing, 18 U.S.C. § 3142(f)(1)(C).

Based on the seriousness of the narcotics charges in this case, a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, applies:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .

18 U.S.C. § 3142(e).

Although the § 3142(e) presumption has been triggered in this case, the Government still bears the burden of persuasion. See <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985). The Court finds, however, that the Government has met its burden and that the presumption has not been rebutted by the defendant. The Court's analysis in this regard is guided by the factors set forth in 18 U.S.C. § 3142(g). The Court now turns to that analysis.

Pursuant to 18 U.S.C. § 3142(g), the court must, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the

---

[1] If the defendant had a prior felony drug conviction at the time he committed the violations, he will be subject to a minimum sentence of twenty years. 21 U.S.C. § 841(b)(1)(A).

safety of any other person and the community, take into account the available information concerning: (1) the nature and circumstances of the offenses charged, including whether the offenses are crimes of violence or involve a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

First, under the language of 18 U.S.C. § 3142(g)(1), pre-trial release is to be granted more sparingly when "the offense is a crime of violence or involves a narcotic drug." Because the indictment of the defendant alleges distributions of a narcotic drug, namely cocaine base, this Court concludes that the nature and circumstances of the offenses charged strongly weigh against granting defendant's motion for release pending trial. Drug distribution is a serious offense, especially when, as here, it involves large quantities of drugs.

Second, the weight of the evidence is sufficient to permit detention in this case. The Government's proffer indicated defendant Sweet's personal and substantial involvement in at least two instances of the distribution of cocaine base. The evidence is based on testimony of the CW that he personally observed defendant participate in drug distribution transactions, and each transaction was recorded on audio and video. In light of these factors, the weight of the evidence strongly supports pre-trial detention in this case.

Third, defendant Sweet's history also weighs in favor of pre-trial detention. Most notably, defendant Sweet allegedly committed the charged acts while released on bond in another drug case before this Court, Crim. No. 06-61 (3) (RCL). That case charges him with distribution of cocaine base along with three other defendants indicted on related drug and firearm charges. In light of this history, it is more likely that, if released, defendant Sweet would continue to

engage in drug-related activity.

Fourth, the Court comes to the final factor, the seriousness of the danger that the defendant would pose to the community if released. The Court finds that, considering the charges involved in this case, the nature and seriousness of the danger to the community weigh in favor of defendant Sweet's continued detention. He allegedly distributed large amounts of cocaine base on two separate occasions. The danger posed to the community by continued drug sales weighs in favor of continued detention of the defendant.

## IV.     CONCLUSION

Upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds clear and convincing evidence that defendant Sweet's pre-trial release would constitute an unreasonable danger to the community. Furthermore, upon consideration of the possible release conditions set forth in § 3142(c), the court finds clear and convincing evidence that no condition or combination of conditions can be imposed that would reasonably ensure the safety of the community, were the defendant to be released pending trial.
Accordingly, it is hereby ORDERED that:

1. Defendant Sweet will remain in the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. Defendant Sweet shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a court of the United States or on request of an attorney for the

Government, the person in charge of the corrections facility in which defendant Sweet is confined shall deliver these defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

    SO ORDERED.

    Signed by Royce C. Lamberth, United States District Judge, June 28, 2006.