# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-3014**  **September Term, 2007**

FILED ON: MAY 30, 2008

UNITED STATES OF AMERICA,
        APPELLEE

v.

TRAVIS SWEET,
        APPELLANT


UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED MAY 30 2008
CLERK

---

Appeal from the United States District Court
for the District of Columbia
(No. 06cr00156-01)

**FILED**

JUL 21 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

Before: SENTELLE, *Chief Judge*, HENDERSON and ROGERS, *Circuit Judges*.

### <u>J U D G M E N T</u>

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED and ADJUDGED** that the district court's judgments be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 7/17/08
BY: [signature], Deputy Clerk
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/ [signature]

Deputy Clerk

## **MEMORANDUM OPINION**

Travis Sweet pled guilty to one count of unlawful distribution of five grams or more of cocaine base and one count of unlawful distribution of cocaine base. Although initially facing a Guidelines range of 87 to 108 months,[1] as a result of his request for first offender treatment under the "safety valve" in 18 U.S.C. § 3553(f), the Guidelines range increased to 151 to 188 months due to Sweet's discredited sentencing testimony and his admission of gun possession. He was sentenced to 151 months on each count, concurrent. Sweet seeks a remand for resentencing because the district court failed to address the 18 U.S.C. § 3553(a) factors and his trial counsel was constitutionally ineffective. However, the record shows that the district court considered some factors and upon plain error review Sweet makes no contention that the failure to consider any factor affected his substantial rights. Further, trial counsel's decision to request a hearing on his eligibility for a "safety valve" reduction did not veer from the range of reasonable tactical decisions under *Strickland v. Washington*, 466 U.S. 668 (1984), and the increase in his sentence stemmed solely from his own testimony. Accordingly, we affirm.

### I.

Through appointed counsel Sweet moved for a hearing on the "safety valve," *see* 18 U.S.C. § 3553(f); U.S. SENTENCING GUIDELINES MANUAL § 5C1.2 (2006), asserting that he had no previous convictions and that he "has told all that he knows." Sweet Sentencing Memo. at 2 (Nov. 10, 2006). The government advised that Sweet did not qualify because he had failed to provide a truthful statement to the police, and noted that although this was the first time Sweet was to be sentenced for selling drugs, he was unemployed, committed to selling drugs, and his criminal activity had involved a significant amount of narcotics. Sweet's motion requested that the district court make an independent determination regarding the completeness and truthfulness of his responses to government inquiries.

Before the hearing, the district court inquired whether Sweet was aware of "the potential exposure" that he would face by testifying and if he understood the risk of receiving a higher sentence. Mot. Hrg. Tr. at 2 (Dec. 1, 2006). Sweet's counsel responded, "I think he understands that," and advised that "Mr. Sweet would like to address the [c]ourt." *Id*. at 3-4. Sweet's testimony turned out to be internally inconsistent[2] and the two detectives who debriefed him following his plea

---

[1] The mandatory minimum sentence for unlawful distribution of five grams or more of cocaine base is five years' imprisonment. 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii). Sweet's base offense level was 32; his criminal history category was I. The government's sentencing memorandum recommended he receive a three-point reduction for acceptance of responsibility, placing his offense level at 29 with a Guidelines range of 87 to 108 months; with a two-level reduction pursuant to the "safety valve" provision, his offense level would become 27; the Guidelines range would be 70 to 87 months.

[2] For example, Sweet testified that he did not have a telephone number for his drug source and also that when he needed to make contact he called the source.

2

testified that his story about his drug source and co-defendants was not credible.[3] Additionally, Sweet claimed as his own several guns found in the apartment where he was arrested, testifying that he had them for use in connection with his drug trafficking. The district judge ruled that Sweet did not qualify for the "safety valve," and added two points for his gun admissions and two points for obstruction of justice, but also granted two reduction points for acceptance of responsibility, which produced a Guidelines range of 151 to 188 months. As Sweet's counsel urged, the district court sentenced Sweet at the low end of the Guidelines.

## II.

Although a failure by a sentencing judge to consider § 3553(a) factors is a "significant procedural error," *Gall v. United States*, 128 S. Ct. 586, 597 (2007), it does not necessarily constitute the "*Booker* error" of treating the Guidelines as mandatory. *See United States v. Simpson*, 430 F.3d 1177, 1183 (D.C. Cir. 2005) (citing *United States v. Booker*, 543 U.S. 220 (2005)). As Sweet concedes, this court's review is for plain error, *United States v. Gomez*, 431 F.3d 818, 822 (D.C. Cir. 2005); *United States v. Coles*, 403 F.3d 764, 767 (D.C. Cir. 2005), and we find none.

First, the sentencing judge is not required to refer to the factors by name, *Simpson*, 430 F.3d at 1186, and the sentencing hearing demonstrates that the district court considered the nature and circumstances of the offense, the characteristics of the defendant, and the need for the sentence, based upon seriousness, respect for law, and deterrence. *See* 18 U.S.C. §§ 3553(a)(1), (2). Sweet's conflicting testimony, his gun admissions, and the detectives' testimony were proper considerations. *See Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007). The record as a whole thus contradicts Sweet's claim that the district court did not consider any factor.

Second, "[w]hen a defendant has not asserted the import of a particular § 3553(a) factor, nothing in the statute requires the [sentencing] court to explain sua sponte why it did not find that factor relevant to its discretionary decision." *Simpson*, 430 F.3d at 1187; *see Gall*, 128 S. Ct. at 599. Sweet did not argue or proffer evidence regarding any § 3553(a) factor. Neither has he raised any particular factor on appeal, much less shown that failing to consider such a factor affected his substantial rights because "there would have been a materially different result, more favorable to [him]." *Coles*, 403 F.3d at 768. The record shows that the sentencing judge considered Sweet's characteristics in finding "extraordinary" circumstances and sentencing him at the low end of the Guidelines range. Sentencing Hrg. Tr. at 62 (Jan. 17, 2007). Contrary to trial counsel's suggestion that there were communication problems, the judge did not agree that Sweet "was confused about any of the questioning," but found that "he was simply not being truthful." *Id.* at 59. The record, thus, presents no occasion to conclude that a § 3553(a) factor might have changed the sentence in Sweet's favor. Although the judge did not "state in open court the reasons for . . . imposition of the particular sentence," 18 U.S.C. § 3553(c); *see Rita*, 127 S. Ct. at 2468; *Simpson*, 430 F.3d at 1187,

---

[3] For example, the detectives testified that they did not find believable Sweet's statements that he would give hundreds of dollars to a cocaine addict known to Sweet only as "Unc," who then would leave the area and return at some point with drugs.

3

Sweet fails to show that error did him any harm. Rather, he concedes that "the district court might well have imposed the same sentence had these factors been considered." Reply Br. at 2. To the extent Sweet challenges his sentence as unreasonable, he provides no ground to rebut the presumption of reasonableness, *see United States v. Lawson*, 494 F.3d 1046, 1056 (D.C. Cir. 2007), in view of the circumstances occasioning the increase in the Guidelines range.

Finally, the record conclusively demonstrates that Sweet could not prove that he was denied the effective assistance of counsel under the Sixth Amendment, and hence there is no reason to remand for a hearing. *United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003); *United States v. Geraldo*, 271 F.3d 1112, 1116 (D.C. Cir. 2001). He could not show ineffective assistance of counsel on the basis of the § 3553(a) factors because the district court considered some and he points to none that could have made a difference in his sentence. Although gun use connected to the drug offense disqualifies a defendant for "safety valve" relief, *see* 18 U.S.C. § 3553(f)(2), Sweet also cannot show that trial counsel's request for a hearing was unreasonable, *see Strickland*, 466 U.S. at 688-89, because counsel should have known the "safety valve" was unavailable. The plea proffer did not mention a gun. When Sweet was arrested he did not have a gun on him. In advising that Sweet did not qualify for the "safety valve" the government pointed only to Sweet's failure to give a truthful statement about his offenses. Other pre-hearing evidence does not show Sweet's connection to the guns. The district court observed that the evidence connecting Sweet to the guns for "safety valve" disqualification came only from "his own admissions in this courtroom." Sentencing Hrg. Tr. at 59. In any event, loss of a "windfall" does not count as *Strickland* prejudice, which requires an "overriding focus on fundamental fairness." *See Williams v. Taylor*, 529 U.S. 362, 391 (2000) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993)). Sweet does not claim error due to his counsel allowing him to testify and the record shows that he was given advance warning of the risk but still wished to testify. The district court's observation that Sweet was in the position of receiving a higher sentence "after pleading by simply trying to get a reduced sentence for the safety valve," Sentencing Hrg. Tr. at 62, shows only a recognition that Sweet's reasonable risk had not paid off.